# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| EVERYBODY COUNTS, INC., | ) | |
| a Center for Independent Living, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:98-CV-97-PPS-APR |
| | ) | |
| NORTHERN INDIANA REGIONAL | ) | |
| PLANNING COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on a joint motion of plaintiff Everybody Counts and defendant Gary Public Transit Corporation ("GPTC") to modify the consent decree between those parties [DE 547], and a joint motion of Everybody Counts, defendant Hammond Transit System ("HTS"), and the Regional Bus Authority ("RBA") to modify the consent decree between Everybody Counts and HTS [DE 548].

Upon review of these joint motions, the Court ordered the parties to submit supplemental briefing on the legal justification for the requested modifications [DE 550]. The parties have now provided that supplemental briefing [DE 554 & 555]. And the Court, for the reasons discussed below, now **GRANTS** both motions to modify.

## **BACKGROUND**

Everybody Counts filed this suit in April 1998 to address violations by various defendants of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*.; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 *et seq*.; and the corresponding regulations associated with those laws [DE 1]. The complaint was initially filed in Indiana state

court, but was subsequently removed to this Court, and amended in July 1998 [DE 39].

On October 12, 2006, this Court entered several consent decrees negotiated between Everybody Counts, on the one hand, and the respective settling defendants, including GPTC and HTS, on the other [DE 492]. The purpose of these consent decrees was to advance the quality and availability of transit services in the settling defendants' respective geographic areas for persons with disabilities:

> The purpose and intent of this agreement is to maximize the quantity and quality of transit services provided to the individuals in the geographic area serviced by [defendant]'s transportation routes from the funding dollars available; increase the collaboration between the Defendant and all persons eligible for paratransit services in the area served by [Defendant]; and develop and implement strategies for the more efficient use of resources available for transit services.

[DE 436-3 & 436-4.]

On September 24, 2009, Everybody Counts moved to compel compliance with the various October 12, 2006 consent decrees, including the GPTC and HTS consent decrees, citing a number of obligations that Everybody Counts argued the parties to the consent decrees had failed to meet [DE 512]. Everybody Counts subsequently negotiated plans with GPTC and HTS to address those parties' future compliance with their respective consent decree obligations.

Everybody Counts and GPTC have now jointly moved to modify the consent decree [DE 547], and have submitted an "action plan" that sets forth a schedule of deadlines for the completion of GPTC's obligations under its consent decree [DE 547-1].

Everybody Counts and HTS have filed a substantially identical joint motion to modify the consent decree between those parties [DE 548], along with a similar "action plan" relating to the completion of HTS's consent decree obligations [DE 548-1]. This joint motion is also filed on

2

behalf of RBA, which has assumed HTS's obligations under the consent decree [DE 548-1]. Indeed, the action plan the parties submitted with this joint motion specifies that "references in this [action plan] to obligations of HTS are to be understood as obligations of the RBA" [*Id*.].

RBA was not a party to the consent decree entered into between Everybody Counts and HTS, and is not a named defendant in this lawsuit. But RBA's attorney, David Hollenbeck, has entered a general appearance on RBA's behalf [DE 553]. Moreover, in an affidavit attached to the joint motion to modify the HTS consent decree, Mr. Hollenbeck states that RBA has voluntarily submitted to the jurisdiction of this Court, and agrees to be subject to the terms and provisions of the HTS consent decree, and the proposed action plan [DE 555 at 7-8].

The pending motions seek to modify the GPTC and HTS consent decrees by incorporating the proposed action plans into the respective consent decrees. The parties represent that nothing in this proposed modification limits or changes the respective defendants' obligations under the consent decrees [DE 547, ¶ 6; DE 548, ¶ 7]. Indeed, the parties emphasize that the action plans concern only the defendants' prospective compliance with current obligations, and not any future consent decree obligations those defendants may have [*Id*.].

## DISCUSSION

A consent decree serves both as a judgment of the court and as the parties' negotiated settlement of litigation. *See U.S. v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). "While a consent decree is also deemed a judgment of the court, 'it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all.'" *Id.* (citation omitted).

This Court's jurisdiction to resolve the joint motions to modify the GPTC and HTS consent decrees is supplied by the consent decrees themselves. Specifically, Section VI(B) of the GPTC and HTS consent decrees expressly provides the Court with continuing jurisdiction over those consent

decrees for a period of eight years after their October 12, 2006 effective date, or until October 12, 2014 [DE 436-3; DE 436-4].

The Court has the authority to modify the terms of consent decrees under Rule 60(b). Fed. R. Civ. P. 60(b); *see also U.S. v. Krilich*, 303 F.3d 784, 789 (7th Cir. 2002) ("parties wishing to modify or vacate a consent decree may do so by resorting to Rule 60(b)"). Rule 60(b) provides a "flexible standard" according to which "a party seeking modification of a consent decree must establish that a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance." *O'Sullivan v. City of Chicago*, 396 F.3d 843, 866 (7th Cir. 2005) (citation and quotation marks omitted); *see also Krilich*, 303 F.3d at 790; *South Suburban Housing Center v. Berry*, 186 F.3d 851, 855 n.1 (7th Cir. 1999) ("A court of equity has the power to modify a consent decree to adapt for changed circumstances."). Accordingly, modification under Rule 60(b) requires a two-step determination: (1) whether a significant change in circumstances supports modification; and (2) whether the proposed modification is tailored to resolve the problems created by the changed circumstances. *O'Sullivan*, 396 F.3d at 861.

The parties' supplemental briefing on the legal justification for the proposed modifications demonstrates that both prongs of Rule 60(b)'s modification standard are satisfied here.

**I.    Changed Factual Conditions**

As to the GTPC consent decree, Everybody Counts and GPTC contend that two unforeseen factual conditions warrant modification: (i) the financial crisis that has afflicted GPTC since 2007; and (ii) the parties' confusion as to GPTC's compliance obligations [DE 554 at 2]. With respect to the financial crisis, GPTC indicates that severe budget constraints, which it did not anticipate when it entered into the consent decree, have played a significant role in preventing GPTC from fulfilling

4

its consent decree obligations [*Id.*]. With respect to the parties' confusion as to GPTC's consent decree obligations, the parties indicate that, since entering into the consent decree, they have come to realize a lack of agreement as to the meaning of the consent decree's terms and provisions [*Id.*].

As to the changed circumstances warranting modification of the HTS consent decree, the parties cite a January 1, 2010 agreement between HTS and RBA providing for the transition of HTS's transportation services to RBA, and RBA's corresponding assumption of HTS's obligations under the consent decree [DE 555 at 2]. The parties add that, at the time of this transition, many of HTS's consent decree obligations had not been fulfilled, including the requirement that HTS establish a Council on Accessible Transportation [*Id.*].

The Court finds that the changed circumstances cited by the parties are significant enough to warrant modification of the respective consent decrees, and that such changed circumstances were not contemplated by the parties at the time they entered into those consent decrees. In particular, as to the GPTC consent decree, the Court finds that the changed circumstances cited by the parties render GPTC's compliance with the consent decree more onerous than the parties had originally anticipated. As to the HTS consent decree, the Court finds that HTS's transition of all of its transit services and consent decree obligations to RBA is, likewise, a significant change warranting modification.

## II. The Proposed Modifications

The parties to the pending motions to modify have met their burden of showing that the respective proposed modifications are suitably tailored to the changed circumstances the parties have identified.

The proposed modifications to the GPTC consent decree are not extensive. As the parties observe, the action plan that the parties seek to incorporate into the GPTC consent decree does not

5

alter the parties' existing consent decree obligations [DE 554 , ¶ 5]. The proposed action plan merely breaks those obligations down into discrete tasks, or action items, and assigns new deadlines for the completion of each task [*Id.*]. This proposed modification thus alters GPTC's consent decree obligations to the extent needed to resolve the parties' confusion as to the meaning of the consent decree's terms, which was one of the grounds on which the parties sought modification. The action plan's revised deadlines for the completion of the specific action items is also tailored to take account of GPTC's unforeseen budget crisis, which was the other ground on which the parties sought modification.

The proposed modifications to the HTS consent decree are similarly modest. The most significant modification relates to RBA's voluntarily submission to this Court's jurisdiction and agreement to assume HTS's consent decree obligations [DE 555 at 3].

As an initial matter, the Court finds it has jurisdiction over RBA for purposes of enforcing the consent decree obligations RBA has taken over from HTS. By asking this Court for relief, RBA consented to jurisdiction in the same way that a plaintiff consents to jurisdiction by asking the court for relief. *See Mallard v. Mallard*, No. 90 C 3335, 1992 WL 47998, at *5 (N.D. Ill. Mar. 4, 1992) (citing *Adam v. Saenger*, 303 U.S. 59 (1938)). RBA's request for relief, together with RBA's express agreement to assume HTS's consent decree obligations and to submit to the jurisdiction of this Court, is sufficient for this Court to exercise jurisdiction over RBA for purposes of enforcing RBA's consent decree obligations. *See RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1280 (7th Cir. 1997) (parties can consent to personal jurisdiction); *U.S. v. Vreeken,* 803 F.2d 1085, 1089 (10th Cir. 1986) (same); *see also Miche Bag, LLC v. Bothwell*, No. 2:09-CV-355, 2009 WL 3698042, at *1 (D. Utah Nov. 3, 2009) ("courts have recognized that 'a person who executes a stipulation for settlement which is filed with and ratified by the trial court . . . voluntarily submits himself to the

jurisdiction of that court.'") (citation omitted).

Moreover, the Court finds that the action plan's proposed transfer of HTS's consent decree obligations to RBA is suitably tailored to the changed circumstance of HTS's transition of its transportation services to RBA.

The remaining modifications to the HTS consent decree are not extensive. As with the modifications to the GPTC consent decree, the parties do not seek to alter the substantive obligations under the original consent decree, only to break them down into specific action items, with a corresponding schedule of deadlines for their completion [DE 555 at 2]. The Court finds that these proposed modifications are likewise suitably tailored to respond to the transition of HTS's transportation services to RBA, particularly given that many of HTS's former consent decree obligations had yet to be fulfilled by the date of this transition [*Id.*].

## CONCLUSION

Because both prongs of Rule 60(b)'s modification standard are satisfied with respect to the requested modifications to the GPTC and HTS consent decrees, the Court **GRANTS** the joint motion to modify the GPTC consent decree [DE 547], and **GRANTS** the joint motion to modify the HTS consent decree [DE 548].

Accordingly, the Court **ORDERS** that the GPTC consent decree [DE 436-3] is modified as follows:

(1) The Action Plan attached as Exhibit A to the joint motion to modify [DE 547-1] is hereby incorporated into the consent decree [DE 436-3], such that the obligations of the parties to that consent decree are modified by the terms and provisions of the Action Plan.

(2) GPTC shall comply with the requirements set forth in the Action Plan on or before the compliance deadlines therein.

(3) Within 30 days of the entry of this order, GPTC shall meet with Everybody Counts to discuss the implementation of the Action Plan.

(4) In the event that GPTC fails to comply with the terms of this order, or any of GPTC's obligations under the consent decree, as modified by the Action Plan, the Court shall have the discretion to impose monetary sanctions on GPTC in an amount sufficient to deter future violations.

Moroever, the Court **ORDERS** that the HTS consent decree [DE 436-4] is modified as follows:

(1) All references to HTS in the consent decree shall now refer to RBA. And RBA assumes all of HTS's obligations under the consent decree, and all modifications to that consent decree.

(2) Pursuant to RBA's voluntary consent, the Court has jurisdiction over RBA for purposes of enforcing RBA's obligations under the consent decree.

(3) The Action Plan attached as Exhibit A to the joint motion to modify [DE 548-1] is hereby incorporated into the consent decree [DE 436-4], such that the obligations of the parties to the consent decree are modified by the terms and provisions of the Action Plan.

(4) RBA shall comply with the requirements set forth in the Action Plan on or before the compliance deadlines therein.

(5) Within 30 days of the entry of this order, designated representatives from RBA shall meet with Everybody Counts to discuss the implementation of the Action Plan.

(6) In the event that RBA fails to comply with the terms of this order, or any of RBA's obligations under the consent decree, as modified by the Action Plan, the Court shall have the discretion to impose monetary sanctions on RBA in an amount sufficient to deter future violations.

**SO ORDERED.**

ENTERED: September 9, 2010

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT